FILED

MAR 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL SWANSON, an individual, DBA Juicy Bits, DBA juicybitssoftware.com,

    Plaintiff-Appellant,

v.

INSTAGRAM LLC,

    Defendant-Appellee.

No. 15-35970

D.C. No. 2:15-cv-00503-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted March 5, 2018
Seattle, Washington

Before: RAWLINSON, CLIFTON, and CHRISTEN, Circuit Judges.

Appellant Michael Swanson (Swanson) appeals from the district court's determination that the term "layout" is generic when used in the context of mobile applications. Reviewing the district court's legal conclusions *de novo*, and its

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

factual findings for clear error, we affirm. *See Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Relations*, 730 F.3d 1024, 1031 (9th Cir. 2013). To the extent Swanson appeals the denial of the requested preliminary injunction, we review for an abuse of discretion, and affirm. *See Epona, LLC v. Cty. of Ventura*, 876 F.3d 1214, 1219 (9th Cir. 2017).

"[G]eneric terms are common descriptive names which identify only the type of good of which the particular product or service is a species. . . ." *Elliott v. Google, Inc.*, 860 F.3d 1151, 1155 (9th Cir. 2017), *as amended* (citation and internal quotation marks omitted). Generic terms, describing "what" a product is, do not enjoy trademark protection "because they do not identify the source of a product." *Id.* at 1155-56. Conversely, "[i]f the relevant public primarily understands a mark as describing 'who' a particular good or service is," then the mark is entitled to protection. *Id.* at 1156 (observing that "[w]e have often described this as a 'who-are-you/what-are-you' test").[1] Critical to our inquiry is the context in which the proponent of the mark employs the term. *See Advertise.com, Inc. v. AOL Advertising, Inc.*, 616 F.3d 974, 977 (9th Cir. 2010).

---

[1] Because we resolve this case under our traditional test for genericness, we need not and do not address the district court's addition of a "what do you do" inquiry.

2

The record reflects that when used in the mobile application context, the relevant public understands the term "layout" as an identification of the type of good, rather than the producer of the good. Evidence before the district court established that the term "layout" signifies a plan or arrangement, or the act of laying out. Consistent with this definition, Swanson's application, "Layout," functioned as a tool to arrange photographs into a layout on a user's mobile device. The term "layout," therefore, operated to identify what Swanson's photo application was, as opposed to who offered it. *See id.* at 978. Such use is generic, and not entitled to trademark protection. *See id.* Because the district court correctly concluded that "layout" is generic in this context, it properly denied Swanson's motion for a preliminary injunction. *See Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013) (requiring a trademark plaintiff to show likelihood of success on the merits before a preliminary injunction will issue).

**AFFIRMED.**